## Bassett, County Court Clerk, v. Kelly.

(Decided Oct. 27, 1936.)

W. H. SOUTHALL, B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellant.

SHACKELFORD MILLER, Jr., for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Frank H. Bassett, as county clerk of Christian county, has appealed from a judgment overruling his demurrer to Kelly's petition and requiring him upon application of Kelly, on either the day before or the day of the regular November election in 1936, to register Kelly as a voter in his proper precinct.

### Kelly's Petition.

In substance Kelly alleged he is more than twenty-one years of age, is a citizen of the United States, has been a resident of Kentucky for more than one year, of Christian county for more than six months, and of his particular voting precinct for more than sixty days; that he is a citizen and taxpayer and subject to requirements as to registration is entitled to vote; that presidential electors, a United States Senator, and a representative in the lower house of Congress are to be elected at the election to be held on November 3, 1936; that he desires to vote at said election; that he is not now registered; that he is an officer of the United States Army; that from July 25, 1936, to October 11, 1936, he has been, because of his official duties, continuously absent from Christian county, Ky.; that this covered all of the period from August 1, 1936, to October 10, 1936, during which he could have registered had he been at home; that he will present himself before the said county clerk for registration on either November 2 or November 3, 1936; that he has notified said clerk he will then desire to register; and that the said county clerk has notified the plaintiff he will not then permit him to register.

### Registration of State and Federal Officers.

By chapter 68, p. 223, Acts 1912, the first provision was made for the registration of state and federal officers, and that act became section 1496a of the 1915 Edition of Carroll's Kentucky Statutes.

The act of 1912 was repealed and replaced by chapter 136, p. 572, of the Acts of 1918. That act was slightly

amended by chapter 60, p. 247, Acts of 1920, and as 'so amended it became sections 1496a-1, 1496a-2, 1496a-3, and 1496a-4 of the 1922 Edition of Carroll's Kentucky Statutes; it was imperfectly carried under said numbers in the 1930 Edition of said Statutes, but now is carried correctly under these same numbers of the 1936 Edition. This act has never been repealed, it is still in force, and upon complying with it Kelly, or any other voter similarly circumstanced, or coming within the purview of the act now in force, will be entitled to be registered and it will be the duty of the clerk to register him as a voter. The act as now in force reads:

"§ 1496a-1. Any otherwise qualified voter being an officer or employee of the United States, or of the Commonwealth of Kentucky, regularly ordained minister of the Gospel and bona fide commercial traveler, may appear before the county court clerk of the county of his residence on the day immediately preceding or day of any primary or general election, and upon making oath or affidavit [either of which the clerk in his discretion may require] to the effect that he was absent from his place of residence on all general or special registration days previously held during the current year, and that his absence was due to or by reason of duties pertaining to such officership or employment in or by the United States or this Commonwealth, or his duties as a minister; whereupon the clerk shall register said voter, and when so registered the voter shall have the same right to vote in all elections until the next succeeding general registration, as if he had registered before the registration officers under the general provisions relating to registration.

"§ 1496a-2. Such special registration shall be made by the clerk without fee or charge, and if the registration be on the day immediately preceding the election, the clerk shall enter the voter's name in the appropriate place on the registration book. If the registration be on the day of election, the person desiring to register shall make oath or affidavit, showing his right to register, and thereupon the county court clerk shall issue to such person a certificate, showing he is entitled to have his name placed upon the registration book for his precinct,

and upon presentation of such certificate to the clerk of the election of such precinct, it shall be the duty of the clerk of the election to immediately enter the name of such voter in its appropriate place on said registration book.

"§ 1496a-3. The benefits of this law shall be held to extend to all soldiers and sailors who are at the time of any election otherwise qualified voters in the Commonwealth of Kentucky.

"§ 1496a-4. Any person making false oath or affidavit under this act shall be deemed guilty of and may be punished for false swearing as now provided by law."

### The Cause of this Confusion.

In the trial court all parties to this litigation proceeded upon the idea that Mr. Kelly's right to register must be found in section 1486b-13, Ky. Stats., the appellant contending there and here that such section was expressly repealed by chapter 45, p. 114 et seq., Acts 1936 (sections 1486bb-1 to 1486bb-24, inclusive, Ky. Stats.), while appellee contends such right was saved to him and others similarly circumstanced by this which is copied from section 1486bb-23, Kentucky Statutes:

"Nothing in this law shall be construed to prevent any soldier, sailor, officer or employee of the United States Government, or officer or employee of the Commonwealth of Kentucky, or any person coming within the meaning of the words, 'absent voter' from registering in the manner now or as may hereafter be provided by law."

It is perfectly clear the General Assembly intended to repeal section 1486b-13, Ky. Stats., and that the language quoted above referred to section 1496a-1 et seq., Ky. Stats., and that it is this last-cited statute which the General Assembly was declaring its intention to leave unaffected.

Both the clerk and the voter should read section 1496a-1 et seq., Ky. Stats., and do as the statute directs.

The trial court reached a correct result, though employing different reasoning; therefore the judgment is affirmed.

The whole court sitting.