## Cohn v. Theisen.

Nov. 1, 1940.

Churchill Humphrey, Judge.

Carl K. Helman for appellant.

Lawrence S. Grauman and Lawrence S. Poston for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant is a resident of, and a voter in, the eighth precinct of the seventh ward of the city of Louisville and is an employee of the United States Government at Washington, D. C. She is not registered as a voter for the reason that in the discharge of her duties she has been continuously in Washington during the years 1939 and 1940 during the period provided by law for the regular registration of voters. The question presented on this appeal is whether she has the right to register on the day of the regular election or the day prior thereto, which was the right claimed by her in this action against the County Clerk and the Board of Registration Commissioners and denied by the Chancellor, resulting in this appeal.

The contention of appellant is that she is entitled to special registration by virtue of Kentucky Statutes, Section 1496a-1 (originally Section 1 of Chapter 136 of the Acts of 1918), which was held to be in effect in Bassett,

County Clerk, v. Kelly, 265 Ky 761, 97 S. W. (2d) 802, decided in 1936, and in which it was held that a resident of Christian County who was an officer of the United States Army and prevented from registering at the regular times because of his official duties was entitled to be registered on election day or the day prior thereto. That decision, however, is not controlling as to the right of such registration in a city of the first class since it was dealing with one who was not a resident of such a city.

The Model Registration Act applicable to cities of the first class, Chapter 48 of the Acts of 1930, appearing in Kentucky Statutes as Sections 1486b-28 to 1486b-61, provided in Section 1 thereof that the registration law applicable to cities and towns of the state having a population of 5000 or more, which was Chapter 64 of the Acts of 1924 (Section 13 of which was in substance the same as Section 1496a-1, the only difference being that ministers of the gospel were omitted), was repealed to the extent that it related to registration of voters in cities of the first class and Section 34 of the Act, Kentucky Statutes, Section 1486b-60, provided generally that all laws relating to registration of voters in cities of the first class in conflict with the provisions of the Act were repealed. The repeal of the 1924 Act to the extent that it related to cities of the first class, the Act containing a provision almost identical with Section 1496a-1, evidenced a legislative intent to make the special registration provision inapplicable to first class cities. Thus we see that the Model Registration Act in itself was the sole and only method provided by law for the registration of voters in cities of the first class. If there be any doubt that the repealing clauses mentioned produced this situation, Section 3 of the Model Registration Act (Kentucky Statutes, Section 1486b-29) removes any such doubt because the concluding language of that section says "only persons who are duly and properly registered *as herein provided* shall be permitted to vote at the general election to be held in 1930 and at all primary, general and special elections held thereafter" (our emphasis). As a result of this language voters in first class cities must be registered *in accord with the Model Registration Act* and that Act contains no provision of any kind or character permitting registration on the day of the election or the day prior thereto such

as is provided for by Section 1496a-1 outside of cities of the first class.

It might be thought that Section 23 of Chapter 45 of the Acts of 1936 (Kentucky Statutes, section 1486bb-23), a part of the Act commonly known as the General Registration Act, confers on the appellant her claimed right but it will be observed that that Act deals only with the registration of voters residing outside of the corporate limits of cities of the first class. The title of the Act so states and it does not purport to deal with registration in first class cities. An examination of the Model Registration Act applicable to cities of the first class reveals that no saving clause was inserted in that Act such as the saving clause contained in Section 23 of the 1936 Act (Ky. Statutes, section 1486bb-23), which apparently attempts to preserve the right contained in Section 1496a-1 to all persons named therein except ministers and traveling salesmen, which is an additional indication of legislative intent that the right of special registration conferred by Section 1496a-1 should not apply in first class cities. As further indicating that the last mentioned section has no application to first class cities is the fact that the special registration therein provided for is before the *County Clerk* while in first class cities registration is before the *Board of Registration Commissioners*. It seems clear to us that the right of special registration as claimed by appellant does not exist in cities of the first class.

Judgment affirmed.